IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| STEVE EVERT, ET AL. § | |
| § | |
| V. § | CIVIL ACTION NO. G-10-117 |
| § | |
| CITY OF GALVESTON , ET AL. § | |

## REPORT AND RECOMMENDATION

Before the Court, by referral from the Honorable Kenneth M. Hoyt, United States District Judge, is the "Motion for Summary Judgment" of the sole remaining Defendant, City of Galveston; the Motion seeks the dismissal of all claims asserted against the City by the Plaintiffs in their original state court petition. Having given careful consideration to the Motion, the Plaintiffs' response, the City's reply, the summary judgment evidence and the applicable law, the Court now submits this Report and Recommendation to the District Court.

The underlying facts giving rise to this dispute are not complicated. In 2009, the City of Galveston was considering a comprehensive amendment of its smoking ordinance to "improve and protect the public's health by eliminating smoking in public places and workplaces." The Plaintiffs, who are owners of bars, taverns and/or restaurants located within the city limits, feared the potential loss of business profits and opposed the passage of the ordinance. Plaintiffs, *inter alia*, requested the City to perform a takings impact analysis before voting on the ordinance, but the City refused. Following fierce and lengthy debates, the City Council, on December 10, 2009, passed the amending ordinance and enacted one of the most restrictive no-smoking laws in the state of Texas. In reaction, the Plaintiffs filed suit against the City and the individual City Council members in the 405th Judicial District Court of Galveston County, Texas, asserting a takings claim

under the Texas Private Real Property Rights Act and general, indefinite constitutional challenges to the ordinance.  On March 29, 2010, the Defendants removed the case to this Court.  On April 23, 2010, the City filed its Motion for Summary Judgment and the Council Members also filed their Motion for Summary Judgment.  On June 25, 2010, Plaintiffs filed a stipulation to dismiss all claims against the individual council members and they were formally dismissed by an Order of the District Court dated June 29, 2010.  The City's Motion for Summary Judgment is now ripe for consideration.

It will suffice to say that summary judgment is appropriate where the moving party is entitled to judgment as a matter of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986) (Summary Judgment is appropriate where the evidence would require a directed verdict in light of the substantive law that would be applied at trial.)

It plainly appears from the Plaintiffs' response that they presently do not[1], and apparently never intended to, assert any federal equal protection claim, federal due process claim, or federal takings[2] claim.  It is also clear that they have, as the City observed, abandoned any independent[3]

---

[1]  In their response Plaintiffs presented no arguments to support the equal protection, due process, takings, orerbroadness or vagueness, claims mentioned in Section VII of their state court petition.

[2]  In their response the Plaintiffs declare that "no reliance on federal constitutional rights are found anywhere in the pleadings."  Nevertheless, the City points out that the assertion of any takings claim based upon the Fifth Amendment's Takings Clause would be premature:  such a claim cannot be brought unless and until a Plaintiff exhausts all state law remedies, even though exhaustion may effectively bar the federal claim through the principles of *res judicata* or issue preclusion.  Severance v. Patterson, 566 F.3d 490, 497-98 (5th Cir. 2009) (citing San Remo Hotel, L.P. v. City and County of San Francisco, 545 U.S. 323, 346 (2005)   Despite the anomalous result, this Court assumes, without finding, that this exhaustion requirement would apply even in a case, like this one, removed to federal court by the Defendants.

[3]  Plaintiffs do rely on an equal protection analysis, but only to the extend that it is "built into" the Texas Private Real Property Rights Act, TEX. GOV'T CODE, Chapter 2007.

state law equal protection law claim or due course of law claim.  Therefore, these claims, originally asserted by the Plaintiffs, should be dismissed.  <u>Keenan v. Tejada</u>, 290 F.3d 252, 262 (5th Cir. 2005) ("If a party fails to assert a legal reason why summary judgment should not be granted that ground is waived and cannot be considered or raised on appeal.")

This Court is not certain that Plaintiffs intended to assert a takings claim pursuant to Article I § 17 of the Texas Constitution in their original petition, however, they discussed the jurisprudence of a regulatory takings claim in their response to the City's Motion for Summary Judgment.  Therefore, following the City's lead, the Court will, as a precaution, address the merits of the claim.

Under Texas law, which follows federal law in this area, one may not assert a takings claim in the absence of a protected vested property interest.  In the instant case, the Plaintiffs' vested property interest is in their "business model": the economically viable use of their property to operate smoker-friendly bars and restaurants.  This Court, however, is of the opinion that the Plaintiffs' purported property interest is not a cognizable one.  The ordinance has, most likely, had an adverse economic impact on the Plaintiffs' businesses, but "(b)usinesses dependent in whole or in part on patronage by smokers, and those who invest in such businesses and seek to make their livelihoods from them, have long been on notice that the value of their investments, and implicitly, the ability to profit from such businesses, may be affected adversely by continuing governmental efforts to reduce exposure to second-hand smoke."  <u>D.A.B.E. v. City of Toledo</u>, 292 F.Supp. 968, 972 (N.D. Ohio 2003) aff'd, 393 F.3d 692 (6th Cir. 2005)    When a governmental regulation prevents only a portion of the profitable use of an owner's property there is generally no unconstitutional taking.  The denial of merely one of the "bundle" of property

rights possessed by the property owner is not a taking because the aggregate must be viewed in its entirety; moreover, because of its very uncertainty, "the interest in anticipated (profits) has traditionally been viewed as less compelling than other property-related interests." Andrus v. Allard, 444 U.S. 51, 65-66 (1979)  In the absence of a protected property interest, the Plaintiffs have no standing to assert a state takings claim under the Texas Constitution. City of Houston v. Northwood Mun. Util. Dist. No. 1, 73 S.W. 3d 304, 309 (Tex. App. -- Houston, [1st Dist] 2001) ("To establish standing for an Article I § 17 claim, (Plaintiffs) must have…vested property rights.")    This claim of Plaintiffs, therefore, must, if asserted at all, be dismissed for lack of standing.

Even if the Plaintiffs had standing, their Article I § 17 takings claim would be without merit.  Although the Texas Constitution requires adequate compensation be paid when private property is taken for public use, it is well established under Texas law that all property is held subject to the valid exercise of the police power. Lombardo v. City of Dallas, 73 S.W. 2d 475, 478 (Tex. 1934)    When a City exercises its police power in a proper and reasonable manner, it is not required to make compensation for any resultant losses suffered by the property owner. City of College Station v. Turtle Rock Corp., 680 S.W. 2d 802, 804 (Tex. 1984)    The question of whether a City's exercise of its police power is proper and reasonable is one of law, not fact, Edge v. City of Bellaire, 200 S.W. 2d 224, 227 (Tex. Civ. App. -- Galveston, 1947), writ ref'd); see also City of San Antonio v. El Dorado Apartment Co., Inc., 195 S.W. 3d 238 (Tex. 2006 reh'g denied), and the "regulation of smoking is a valid use of a state or municipality's police power" to promote the health, safety and general welfare of its people. Ex Parte Woodall, 154 S.W. 3d 698, 702 (Tex. App. - - El Paso, 2004); see also Roark & Hardee L.P. v. City of Austin,

522 F.3d 533, 551 (5th Cir. 2008) (City of Austin's no smoking ordinance is "a valid exercise of the city's police power" to minimize, through regulation, the adverse effects of second-hand smoke.)  Consequently, any Article I § 17 takings claim asserted by Plaintiffs would be subject to dismissal on the merits.

The one claim that the Plaintiffs are, without doubt, asserting against the City is a takings claim under the Texas Private Real Property Rights Preservation Act.  Unfortunately, for Plaintiffs, the Act, in the opinion of this Court, cannot by its terms, apply to the City's ordinance. Section 2007.003, "Applicability," provides:

> (a) This chapter applies only to the following governmental actions:
> . . .
> (3) an action by a municipality that has effect in the extraterritorial jurisdiction of the municipality, excluding annexation, and that enacts or enforces an ordinance, rule, regulation, or plan that does not impose identical requirements or restrictions in the entire extraterritorial jurisdiction of the municipality

The ordinance, at Section 11.5-3(a)[4] provides, in pertinent part, that "Smoking shall be prohibited in all enclosed public places *within the City*." (emphasis added)   The Act does not have effect in the extraterritorial jurisdiction of the City and, therefore, the Act's waiver of sovereign immunity is of no benefit to the Plaintiffs:  since Section 2007.003(a)(3) does not apply, the City's immunity from the Plaintiffs' claim under the Act is preserved by Section 2007.003(b)(1).  See City of Houston, Texas v. Guthrie, 2009 Tex. App. LEXIS 9919, No. 01-08-712-CV (Houston) [1st Dist] Dec. 31, 2009)   The inapplicability of the Act also negates any claim that the City

---

[4]  The Court takes judicial notice of the ordinance submitted by the Defendant as an exhibit to its Motion for Summary Judgment.  FED. R. EVID. 201

wrongfully refused to prepare a takings impact assessment under Section 2007.043.  These claims, therefore, must be dismissed.

In their response to the City's Motion for Summary Judgment, the Plaintiffs raised, for the first time, a claim under the Commerce Clause, U.S. CONST. Art. I § 8 cl. 3, but a claim which is not raised in the Plaintiffs' petition, but, rather, is raised only in response to a Motion for Summary Judgment is not properly before the Court.  Fisher v. Metroplitan Life Ins. Co., 895 F.2d 1073, 1078 (5th Cir. 1990)    Plaintiffs' Commerce Clause claim should, therefore, be dismissed.

For all of the foregoing reasons, it is the **RECOMMENDATION** of this Court that the Motion for Summary Judgment (Instrument no. 4) of the City of Galveston be **GRANTED** and that all claims asserted by the Plaintiffs against the City in their original petition be **DISMISSED**.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **August 23, 2010**, to have written objections, filed pursuant to 28 U.S.C. §636(b)(1)(C), **physically on file** in the Office of the Clerk.  The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.  Failure to file written objections within the prescribed time **SHALL** bar any Party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____3rd_____ day of August, 2010.

_____
John R. Froeschner
United States Magistrate Judge